IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02194-KLM

MARK JANNY,

    Plaintiff,

v.

TIM PALMER, Captain, Larimer County Jail, in his individual capacity,
MR. RAMIREZ, Lieutenant, Larimer County Jail, in his individual capacity,
JOSH BELINDER, Lieutenant, Larimer County Jail, in his individual capacity,
MR. BERGLUND, Sergeant, Larimer County Jail, in his individual capacity,
MS. PALORANTA, Sergeant, Larimer County Jail, in her individual capacity,
MR. HARTEKER, Sergeant, Larimer County Jail, in his individual capacity,
MR. SMOYER, Sergeant, Larimer County Jail, in his individual capacity,
MR. SAULTS, Sergeant, Larimer County Jail, in his individual capacity,
MR. LALICKER, Sergeant, Larimer County Jail, in his individual capacity,
MR. PERANTEAUX, Sergeant, Larimer County Jail, in his individual capacity,
MR. MEEKS, Corporal, Larimer County Jail, in his individual capacity,
MR. BURCH, Corporal, Larimer County Jail, in his individual capacity,
TINO MARTINEZ, Corporal, Larimer County Jail, in his individual capacity,
MS. WULFERT, Corporal, Larimer County Jail, in her individual capacity,
MR. VILLARREAL, Corporal, Larimer County Jail, in his individual capacity,
MS. MAHONEY, Corporal, Larimer County Jail, in her individual capacity,
MR. BROWN, Corporal (logistics), Larimer County Jail, in his individual capacity,
MS. GEE, Deputy, Larimer County Jail, in her individual capacity,
JAMIE SMITH, K-9 handler, Larimer County Sheriff's Office, in his individual capacity,
JUSTIN SMITH, Larimer County Sheriff, in his individual and official capacity,
ATTORNEY DOE, Larimer County Attorney Office, in their individual capacity,
THE MUNICIPALITY OF LARIMER COUNTY,
LARIMER COUNTY DEPUTIES 1-100, in their individual capacities, and
JAIL SUPERVISORS 1-20, in their individual capacities,

    Defendants.

**ORDER ADOPTING DECEMBER 10, 2018 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court upon the December 10, 2018 Recommendation (Doc. # 110) by United States Magistrate Judge Kristen L. Mix that this Court deny Plaintiff Mark Janny's Motion to Re-evaluate Whether Magistrate Consent Jurisdiction was Voluntarily and Properly Consented to by the Plaintiff and Allow the Plaintiff to Withdraw Consent (Doc. # 100). Plaintiff filed an Objection (Doc. # 113) to the Recommendation on January 2, 2019, and Defendants filed a Response (Doc. # 116) on January 16, 2019. For the reasons that follow, the Court affirms and adopts the Recommendation and denies Plaintiff's Motion.

## I. BACKGROUND

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Defendant's objections.

Plaintiff, proceeding *pro se*, initiated this prisoner civil rights action on September 11, 2017. (Doc. # 1.) The case was initially assigned to Magistrate Judge Gordon P. Gallagher. (Doc. # 2.) On September 19, 2017, the case was reassigned to Magistrate Judge Craig B. Shaffer. (Doc. # 6.) Subsequently, on October 27, 2017, the case was reassigned to this Court and drawn to Magistrate Judge Kristen L. Mix. (Doc. # 26.)

On October 30, 2017, this Court issued an order referring the case to Magistrate Judge Mix, who was designated to conduct all motion proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 27.) Thereafter, Plaintiff returned a Magistrate Judge Consent Form in which he indicated that he

consented "to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment . . . ." (Doc. # 36 at 1.) Accordingly, because all Defendants also consented to have a magistrate judge try this case, this Court issued an Order of Reference Pursuant to 28 U.S.C. § 636(c) on December 18, 2017. (Doc. ## 41, 42, 56.) The Court ordered the case to be referred for disposition to Magistrate Judge Mix, and the case was, therefore, reassigned to Magistrate Judge Mix. (Doc. # 42 at 1.)

Ten months later, Plaintiff filed the Motion at issue in which he asserts that he "never consented to Magistrate Consent Jurisdiction while Judge Mix was hearing the case . . . ." (Doc. # 100.)

## II. LEGAL STANDARDS

### A. REVIEWING AN OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific.[1] *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[1] The Court notes that this is not a dispositive matter and further notes that Plaintiff's Objection was not timely. Nevertheless, the Court will conduct a *de novo* review in order to provide clarity in this matter.

3

## B. *PRO SE* STATUS

When a party proceeds *pro se*, as Plaintiff does here, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A *pro se* litigant is still bound by the rules of federal and appellate procedure. *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

## III.   DISCUSSION

Pursuant to the Federal Magistrate Act,

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1). Thus, consent is "the touchstone of magistrate judge jurisdiction." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003). In the instant case, the Court finds that Plaintiff voluntarily consented to the exercise of jurisdiction by Magistrate Judge Mix.

Plaintiff argues that his consent reflected in the court-issued Magistrate Judge Consent Form is invalid because he was under the impression that he was consenting only to the exercise of jurisdiction of Magistrate Judge Shaffer even though the Consent

4

Form makes no reference to a particular magistrate judge.[2] (Doc. # 113 at 2); see (Doc. # 36) (Consent Form). However, courts have rejected such arguments even where—unlike the Consent Form at issue—a consent form makes an explicit reference to a particular magistrate judge and the case is later reassigned to a different magistrate judge. *See, e.g., Wilhelm v. Rotman*, 680 F.3d 1113, 1119–20 (9th Cir. 2012); *Stevo v. Frasor*, 662 F.3d 880, 882 (7th Cir. 2011). In the instant case, the Consent Form clearly indicates that a party may decline to consent to magistrate judge jurisdiction, yet Plaintiff unambiguously consented to the jurisdiction of "**a** United States magistrate judge" generally. (Doc. # 36 at 1–2) (emphasis added).

Even if Plaintiff's consent were not clear from the Consent Form itself, in the alternative, he impliedly consented to the jurisdiction of Magistrate Judge Mix. As the Supreme Court has held, a court may infer consent where, as here, "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Roell v. Withrow*, 538 U.S. 580, 590 (2003). In the instant case, Plaintiff presented his case to Magistrate Judge Mix for ten months without objection, amending his complaint, and filing

---

[2] Plaintiff raises two additional arguments which are lacking in merit. First, Plaintiff argues that he "did not knowingly or intelligently give magistrate consent. The plaintiff merely thought he was allowing a magistrate judge to handle non-dispositive matters," (Doc. # 113 at 2) yet that contention is belied by the plain language of the Consent Form, which indicates that Plaintiff consented to have a magistrate judge conduct **all proceedings** in this civil action, including trial . . . ." (Doc. # 36 at 1) (emphasis added). Second, Plaintiff argues that "[b]y sending the plaintiff multiple requests after the original request for consent was not returned, the court by its very authoritative nature exercised coercive power to have plaintiff return a signed consent form." (Doc. # 113 at 2–3.) That argument is incredulous. Additionally, the argument fails on its own terms because even if Plaintiff were "coerced" into returning a signed Consent Form, that would not preclude him from signing the Consent Form and simply marking the box indicating that he did not consent to magistrate judge jurisdiction in this case.

5

numerous motions.[3] "Inferring consent in these circumstances . . . checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority." *Roell*, 538 U.S. at 590.

IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge Mix's Recommendation (Doc. # 110) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Plaintiff's Motion to Re-evaluate Whether Magistrate Consent Jurisdiction was Voluntarily and Properly Consented to by the Plaintiff and Allow the Plaintiff to Withdraw Consent (Doc. # 100) is DENIED.

DATED: April 25, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[3] *E.g.* (Doc. ## 46, 54, 63, 67, 72, 74, 81, 83, 91, 94, 96, 98).